## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### O. S. Pending Cases—Continued

#### No. 63
#### FINN v. FINN
#### No. 18874. Supreme Court

On motion to require Lucas appeals to Certify. Dock. 12-22-24, 3 Abs. 3.

**1177. TORTS**—Can a wife sue her husband in tort for personal injuries to her sustained by reason of his alleged delict?

This case was instituted in the Lucas Common Pleas by Esther Finn against her husband, Julius Finn. She sought to recover damages for personal injuries which she sustained by reason of his alleged negligence in operating his automobile while she was riding with him as a passenger and a guest. It was claimed by Mrs. Finn that Finn, notwithstanding her remonstrances and protests, negligently drove his machine at a high and dangerous rate of speed up a hill, to an intersecting road and ran into a large tree, beside the road, with great force, inflicting serious and permanent injuries upon her.

In his answer the defendant alleged that he and plaintiff were husband and wife at the time of the accident and denied all other allegations in plaintiff's petition. A demurrer to this answer was overruled and the plaintiff thereupon filed a reply admitting the marital relation. A motion by defendant for judgment was granted by the common pleas. Error was prosecuted in the court of Appeals and judgment of the common pleas was affirmed, on the ground that the married women's act did not confer upon a wife the right to maintain a civil action for a tort against her husband.

Plaintiff claims that under the Ohio married women's Act a wife may sue and be sued as though she were unmarried and therefore upon violation of her personal rights, a right of action accrues to her, whether the wrong doer be her husband or a stranger. Plaintiff also contends that if such right existed before her marriage, and statutes have removed all limitations upon marriage of women, then the right to sue and be sued exists today as though she were unmarried.

The cause presents only one important question for consideration of the Supreme Court; viz.:

"Can a wife sue her husband in tort for personal injuries sustained by reason of his alleged wrongful act?"

The conclusion of the plaintiff's able and extensive argument is, that an injury to the person of a married woman by the negligent act of another is a violation of her personal rights, and a right of action accrues to her for such an injury. This right of action, in Ohio, is her separate property and under her sole control, and to enforce it she may sue the wrongdoer as if she were unmarried.

Attorneys—Miller & Brady, for plaintiff; Wm. H. McLellan, & Geo. H. Lewis, for defendant; all of Toledo.